IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD G. BAILEY,   Petitioner | : : : | |
| | : | No. 1:23-cv-00219 |
| v. | : : | (Judge Kane) |
| R. THOMPSON,   Respondent | : : : | |

## MEMORANDUM

Pending before the Court is Petitioner Richard G. Bailey ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) For the reasons set forth below, the petition will be denied.

## I.   BACKGROUND

Petitioner is currently serving a two-hundred and ten (210) month sentence imposed by the United States District Court for the Middle District of Florida for conspiracy and possession with intent to distribute cocaine. (Doc. No. 6-1 at 3, ¶ 3.) He entered the custody of the Federal Bureau of Prisons ("BOP") on November 4, 2009 (id. at 6), and his projected release date, via good conduct time, is October 20, 2023 (id. at 3, ¶ 3).

On February 6, 2023, while Petitioner was incarcerated at Allenwood Low Security Correctional Institution in White Deer, Pennsylvania, he commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. (Doc. No. 1 at 1.) Petitioner claims that the BOP refuses to apply his earned time credits under the First Step Act ("FSA") of 2018 due to an immigration detainer that is lodged against him. (Id. at 3, 7–9.) As for relief, Petitioner requests, inter alia, that the Court order the BOP to apply his earned time credits under the FSA, which "would provide [him] immediate release to [Immigration and Customs Enforcement ("ICE")] custody." (Id. at 10.)

On April 19, 2023, the Court, inter alia, deemed the petition filed and directed the Clerk of Court to serve a copy of the petition on Respondent. (Doc. No. 4.) On May 5, 2023, Respondent filed a response, arguing that the Court should deny the petition because Petitioner is subject to a final order of removal and, thus, is ineligible to have his earned time credits applied toward prelease custody or supervised release under 18 U.S.C. § 3632(d)(4)(E)(i). (Doc. No. 6.)

As reflected by the Court's docket, Petitioner has not filed a reply, and the time period for doing so has passed. Thus, the Section 2241 petition is ripe for the Court's resolution.

## II.  DISCUSSION

Under the FSA, an eligible inmate, "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" which "shall be applied toward time in prerelease custody or supervised release." See 18 U.S.C. § 3632(d)(4)(A), (C). More specifically, the FSA allows eligible inmates to earn ten (10) days of time credits for every thirty (30) days of successful participation in evidence-based recidivism reduction ("EBRR") programming or productive activities ("PAs"). See 18 U.S.C. § 3632(d)(4)(A)(i). In addition, if the BOP determines that the inmate is at a minimum or low risk of recidivism and has not increased his or her risk of recidivism over two (2) consecutive assessments, then the inmate shall earn an additional five (5) days of time credit for every thirty (30) days of successful participation in EBRR programming or PAs. See id. § 3632(d)(4)(A)(ii).

However, under the FSA, certain categories of offenders are ineligible to have their earned time credits applied toward time in prelease custody or supervised release. This includes inmates who are subject to a final order of removal:

> **(E) Deportable prisoners ineligible to apply time credits.**—
>
> > **(i) In general.**—A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of

> removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).

See 18 U.S.C. § 3632(d)(4)(E)(i).

Here, Respondent has argued—and submitted documentary evidence into the record—that Petitioner is subject to a final order of removal. (Doc. No. 6-1 at 4, ¶ 6 (containing the declaration of Jennifer Knepper, a Supervisory Attorney employed by the BOP, who declares that Petitioner is subject to a final order of removal or deportation); at 8 (containing the October 25, 2021 "Order of the Immigration Judge[,]" wherein the Immigration Judge ordered that Petitioner "shall be removed to Jamaica . . . ").)  Thus, because of this final order of removal, and in accordance with the plain language of 18 U.S.C. § 3632(d)(4)(E)(i), the Court cannot grant Petitioner the relief that he seeks in this habeas corpus action.[1]  As a result, his petition will be denied.

### III.    CONCLUSION

Accordingly, for the foregoing reasons, the Court will deny Petitioner's Section 2241 petition. (Doc. No. 1.)  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[1] As mentioned above, Petitioner has not filed a traverse.  Thus, Petitioner has neither disputed that he is subject to a final order of removal, nor challenged Respondent's specific argument that he is ineligible under 18 U.S.C. § 3632(d)(4)(E) to have his earned time credits applied to his federal sentence.